THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. EDWARD A. KINGSTON, Respondent.

Fourth Department, March 28, 1917.

Crime — nuisance — indictment charging maintenance of premises for sale and distribution of dangerous drugs.

An indictment charging a violation of section 1530 of the Penal Law relating to a public nuisance, and alleging, in effect, that the defendant maintains premises for the sale and distribution of heroin, morphine, cocaine and other dangerous drugs, selling and distributing them to habitual users and others in violation of law, is sufficient.

APPEAL by the plaintiff, The People of the State of New York, from a judgment and order of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 11th day of February, 1916, sustaining a demurrer interposed by the defendant to an indictment charging him with maintaining a nuisance, dismissing the indict-

ment and denying the application of the district attorney for the resubmission of the case to the grand jury.

*Walter J. Hofheins, Herbert B. Lee* and *Wesley C. Dudley,* for the appellant.

*William Armstrong,* for the respondent.

KRUSE, P. J.:

The indictment accuses the defendant of the crime of violating section 1530 of the Penal Law, which relates to a public nuisance, and is there defined as "a crime against the order and economy of the State, and consists in unlawfully doing an act, or omitting to perform a duty, which act or omission:

"1. Annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons; or,

"2. Offends public decency; or, * * *

"4. In any way renders a considerable number of persons insecure in life, or the use of property."

The indictment charges that on or about the 19th day of May, 1915, in the city of Buffalo, Erie county, and for a long time prior thereto, at certain premises therein particularly described, the defendant did unlawfully and wrongfully annoy, injure and endanger the comfort, repose, health and safety of a considerable number of persons, in that he did encourage, permit and allow habitual drug users, vagrants, criminals and prostitutes to frequent the aforesaid premises, and did distribute and sell for profit and give away heroin, morphine, cocaine and other dangerous drugs to the aforesaid habitual users thereof and other persons in excessive and unlawful quantities, knowing the dangerous and poisonous character of said drugs, and for the purpose of enabling and permitting said habitual users and other persons to have cocaine, morphine, heroin and other dangerous drugs for their own use and for distribution and sale to other persons, without regard to the evil and harmful consequences thereof, and in violation of the Public Health Laws of the State of New York and contrary to the statute.

It is well known that the constant use by any person of these habit-forming drugs, except under the direction of a physician, is dangerous to public health, and the Public Health Law in

express terms so declares. (Consol. Laws, chap. 45 [Laws of 1909, chap. 49], § 249a, added by Laws of 1914, chap. 363, as amd. by Laws of 1915, chap. 327.) The Public Health Law regulates the sale and distribution of narcotics. (Public Health Law, §§ 245, 246, added by Laws of 1914, chap. 363, as amd. by Laws of 1915, chap. 327.) And so does the act of Congress of December 17, 1914 (38 U. S. Stat. at Large, 785, chap. 1; 6 U. S. Comp. Stat. 1916, p. 7261, § 6287g *et seq.*).

If the defendant maintains premises for the sale and distribution of these dangerous drugs, selling and distributing them to habitual users and others in violation of law, as is charged in the indictment, the defendant may properly be convicted of maintaining and committing a public nuisance. This conclusion is supported by the reasoning in *People* v. *Hoffman* (118 App. Div. 862) and *People* v. *Curtis* (152 id. 372; affd., 206 N. Y. 747).

The order allowing the demurrer and dismissing the indictment should, therefore, be reversed and the demurrer disallowed.

All concurred.

Order allowing demurrer and dismissing indictment reversed and demurrer disallowed.